Christopher Arzberger, Esq. (Bar No. 038812007)
James G. Mermigis, Esq. *(pro hac vice to be filed)*
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York 11791
(516) 353-0075/ Facsimile: (516) 682-0011
MermigisLaw@GMail.com
Attorneys for Plaintiff

___

| | | |
|---|---|---|
| **ATILIS GYM BELLMAWR, LLC.** | : | UNITED STATES DISTRICT COURT |
| Plaintiff, | : | FOR THE DISTRICT OF |
| | : | NEW JERSEY |
| | : | |
| **Against** | : | |
| | : | |
| | : | |
| **PHILIP D. MURPHY,** in his official capacity as the Governor of the State of New Jersey**, GURBIR S. GREWAL,** in his official capacity as Attorney General of the State of New Jersey**, PATRICK J. CALLAHAN,** in his official capacity as Superintendent of the New Jersey Division of State Police and as State Director of Emergency Management, and **JUDITH M. PERSICHILLI,** In her official capacity as Commissioner of the New Jersey Department of Health, | : : : : : : : : : | **COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, and DAMAGES.** |
| | : | **JURY DEMAND** |
| | : | |
| Defendants. | : | |

___

NOW COMES the above-named Plaintiff **ATILIS GYM BELLMAWR**, **LLC.** by an through their attorneys, **THE MERMIGIS LAW GROUP, P.C.**, as and for their claims against **PHILIP D. MURPHY**, in his official capacity of Governor of the State of New Jersey; **GURBIR S. GREWAL,** in his official capacity of Attorney General of the State of New Jersey; **PATRICK J. CALLAHAN**, in his official capacity of superintendent of the New Jersey Division of State Police; and **JUDITH M. PERSICHILLI**, in her official capacity of the Commissioner of Health, (hereafter collectively referred to as "Defendants") allege as follows in this Complaint:

1

"the Bill of Rights is above my pay grade." "I wasn't thinking about the Bill of Rights when we did this….." Governor Philip D. Murphy[1]

## INTRODUCTION

1.      In the wake of Covid 19, the State of New Jersey hastily instituted a series of state Executive Orders (the "Orders") purportedly designed to stem the spread of Covid 19. On March 21, 2020, Governor Murphy took unprecedented action in response to the Covid 19 pandemic, and issued Executive Order 107 (Attached as Exhibit A), directing New Jersey citizens to stay home and further ordering NON-ESSENTIAL businesses to close effective 9:00 p.m. on March 21, 2020. Essential businesses, as determined by the Defendant Governor Murphy and Defendant Callahan, are EXCLUDED from the mandate, and are allowed to stay open.

2.      Executive Order 107 further bestows unbridled authority upon Defendant Callahan "to make additions, amendments, clarifications, exceptions and exclusions" to the list of Essential and Non-Essential businesses even though he is an unelected member of the Executive Branch of the New Jersey State government.

3.      On March 21, 2020, Plaintiff's business was declared Non-Essential without process, as directed in Executive Order 107.

4.      Under Executive Order 107, "liquor stores" and big box stores such as Target, Walmart and Home Depot were allowed to remain open as "Essential." Plaintiff's health protocols are sufficiently similar to those businesses that were allowed to remain open.

5.      Plaintiff's business is absolutely essential to the health and well being of its members and to the financial viability and health of its owners and employees.

6.      Defendants' Orders do not provide a pre- or post- deprivation remedy to question "essential." There has never been any health inspection of the Plaintiff gym, no analysis of the health status of gyms as essential and no analysis of Plaintiff's health related protocols to see if they meet the same health standards as allowed for Essential businesses.

---

[1] Tucker Carlson Show, Fox News, Interview with Governor Philip D. Murphy on April 15, 2020.

7. There was a list of businesses that were allowed to remain open and that the classification was not reasonable or rational and was arbitrary and random without any data, and therefore a denial of due process.

8. On April 7, 2020, Governor Murphy signed Executive Order 119 (Attached as Exhibit B), which extended the Executive Orders for an additional 30 days. On May 6, 2020, Governor Murphy signed Executive Order 138 (Attached as Exhibit C), which extended the Executive Order for an additional 30 days. Well into the third month of this mandatory closure of Plaintiff's business, Governor Murphy has yet to provide any indication of a date certain for the end of mandatory closures of non-essential businesses.

9. As well-intentioned as these Orders are with respect to the general public's health, safety and welfare, they have come at a steep price with respect to the complete and utter restraint on New Jerseyans' civil rights and liberties. This action challenges the constitutionality of Defendants' Orders to curb Plaintiff's civil rights and liberties by ordering draconian "shelter-in-place" orders and effectively shuttering so-called "Non-Essential" businesses all across the State of New Jersey.

10. If allowed to stand, now 67 days after the first Executive Order and over 40 million Americans unemployed, Defendants' Orders will not only continue to violate Plaintiff's rights under both the U.S. Constitution and New Jersey Constitution, but will continue to inflict massive and widespread economic damage to Plaintiff—all while unconstitutionally placing the burden of Defendants' respective Orders on the backs of both small and large "Non-Essential" businesses—such as those of Plaintiff—who has already been financially crippled, forced to shut its doors for business and to conduct layoffs. Indeed, this Plaintiff's "Non-Essential" business might never financially recover as a result of Defendants' **THIRD** Executive Order and may end up entirely out of business.

11. Due to Plaintiff's dire and crippling financial situation, Plaintiff attempted to open on May 18, 2020. Prior to opening, Plaintiff took extraordinary precautions to protect its members from the spread of Covid 19. Plaintiff installed a biometric thermal scanner which would take a member's temperature as soon as they enter the gym. Plaintiff limited the gym to 20% percent capacity to ensure proper social distancing. Members were also required to fill out a

health questionnaire and must wear face coverings at all times. The gym equipment was also re-configured for proper social distancing.

12.     This *responsible* opening was met with a fierce resistance from Defendants. On May 20, 2020, The State of New Jersey Department of Health issued an Order (Attached as Exhibit D) closing Plaintiff, without process or an inspection of the premises. The Defendants on May 23, 2020 executed a "physical invasion taking" by changing the locks at Plaintiff gym. The stakes for immediate relief from this Court for Plaintiff could not be higher.

13.     State Senate President Steve Sweeney of Gloucester County told NJ Advance Media that he and other Democrats have been asking for the data the Defendants are using to determine which businesses can reopen. "We can't get that information," said Sweeney.[2]

14.     Attorney General Barr has recently stated that "the Constitution is not suspended in times of crisis. We must therefore be vigilant to ensure its protections are preserved, at the same time that the public is protected."[3]

15.     Accordingly, Plaintiff brings this action challenging the Constitutionality of Defendants' Orders, which have deprived Plaintiff of numerous rights and liberties under both the U.S. and New Jersey Constitutions. In doing so, Plaintiff seeks: (1) equitable and injunctive relief to enjoin the enforcement of Defendants' Orders; (2) declaratory relief from this Court in declaring that Defendants' Orders violate Plaintiff's civil rights under: (a) 42 U.S.C. Section 1983 of the Federal Civil Rights Act ("Section 1983"), (b) the Due Process and (c) Equal Protection Clauses of the 5th and 14th Amendments; (3) damages under § 1983, (4) attorney's fees and costs for the work done by Plaintiffs' counsel in connection with this lawsuit in an amount according to proof; and (5) for such other and further relief as the Court deems just and appropriate.

**PARTIES**

16.     Plaintiff, Atilis Gym Bellmawr LLC., at all relevant times, is and was a New Jersey Limited Liability Company organized and authorized to do business and doing business in

---

[2] NJ.com, NJ Advance Media, May 20, 2020

[3] April 27, 2020 Memo from AG Barr to US Attorneys

4

the State of New Jersey. Located in Bellmawr, New Jersey (Camden County), Atilis Gym Bellmawr LLC. operates a full service gym and fitness center that employs upwards of fifteen (15) employees, all of whom have all been laid off since Governor Murphy has instituted his respective "shut-down" orders, despite the fact that Atilis Gym could safely operate their business within the CDC's recommended social distancing guidelines.

17. Defendant, Philip D. Murphy, is the Governor of the State of New Jersey, and he is named in his official capacity as such. As the chief executive of the State of New Jersey, the Governor issued the Executive Orders being challenged.

18. Defendant, Gurbir S. Grewal, is the Attorney General of the State of New Jersey, and he is named as a defendant in his official capacity as such. As the chief law enforcement officer of the State of New Jersey, the Attorney General exercises, delegates, and supervises all the powers and duties of the New Jersey Department of Law and Public Safety.

19. Defendant, Patrick J. Callahan, is the Superintendent of the New Jersey Division of State Police as well as the State Director of Emergency Management, and he is named as a defendant in his official capacity as such. As Director of Emergency Management, he is responsible for implementing the Executive Orders being challenged, including the list of essential businesses.

20. Defendant, Judith M. Persichilli, is the Commissioner of the New Jersey Department of Health, and she is named as a defendant in her official capacity as such.

**JURISDICTION, VENUE, AND RELIEF**

21. This action arises under 42 U.S.C. § 1983 in relation to Defendants' deprivation of Plaintiff's constitutional rights to due process and equal protection rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and damages under 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983; and attorneys' fees and costs under 42 U.S.C. § 1988.

22.     The District of New Jersey, Camden Courthouse is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(2) because it is the District in which substantially all of the events giving rise to the claims occurred or a substantial part of property that is subject to this action is situated.

**FIRST CLAIM FOR RELIEF**
**DUE PROCESS CLAUSE OF THE FOURTEENTH**
**AMENDMENT (By Plaintiffs against All Defendants)**

23.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24.     Plaintiff has a fundamental property interest in conducting lawful business activities that are protected by the Due Process Clause of the Fourteenth Amendment.

25.     The Orders and Defendants' enforcement thereof, violate Plaintiff's substantive due process rights secured by the Fourteenth Amendment to the U.S. Constitution. Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." The fundamental liberties protected by this Clause include most of the rights enumerated in the Bill of Rights. See *Duncan v. Louisiana,* 391 U.S. 145, 147–149 (1968). In addition, these liberties extend to certain personal choices central to individual dignity and autonomy, including intimate choices that define personal identity and beliefs. See, e.g., *Eisenstadt v. Baird,* 405 U.S. 438, 453 (1972); *Griswold v. Connecticut,* 381 U.S. 479, 484–486 (1965).

26.     Defendants' Orders, which expressly deprives Plaintiff of its rights and liberties in lawfully operating its businesses by ordering the closure of "Non-Essential" businesses, did not afford Plaintiff with a constitutionally adequate hearing to present its case for its business to not be shut down. At a minimum, now that we are in the third 30 day extension of the Executive Order, Plaintiff avers that they should have been able to decide for themselves whether to "shut

down" if their businesses / business models were not equipped to properly deal with health and safety guidelines issues by the federal and New Jersey state governments in connection with the Covid 19 crisis.

27. Defendants failed to comply with the procedural and substantive requirements of the U.S. Constitution in connection with Plaintiff's rights and liberties as they relate to their respective properties / businesses, which would have given Plaintiff a meaningful opportunity to respond to the proposed Orders and explain how and why they were so deeply flawed and unconstitutional as applied to Plaintiff.

28. Because Defendants' decisions in issuing their Orders were made in reliance on procedurally deficient and substantively unlawful processes, Plaintiff was directly and proximately deprived of its property, and consequently, its ability to lawfully operate its business without unconstitutional government overreach.

29. Because Defendants' decisions were made in reliance upon an arbitrary and capricious interpretation of the New Jersey Constitution and related laws and statutes with respect to their ability to order the State-wide "closure" of all "Non-Essential" businesses, Plaintiff was directly and proximately deprived of their property rights absent substantive due process of law, in violation of the Fourteenth Amendment to the U.S. Constitution.

30. The Defendants have failed to show that Plaintiff was a specific threat to public health.

31. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

32. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders, as well as compensatory damages.

33. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## SECOND CLAIM FOR RELIEF
### VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT (By Plaintiff against All Defendants)

34. Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35. At its core, the Equal Protection Clause of the 14th Amendment to the U.S. Constitution functions as a constitutional guarantee that no person or group will be denied the protection under the law that is enjoyed by similar persons or groups. In other words, persons similarly situated must be similarly treated. Equal protection is extended when the rules of law are applied equally in all like cases and when persons are exempt from obligations greater than those imposed upon others in like circumstances.

36. The Orders and Defendants' enforcement thereof violate the Fourteenth Amendment, both facially and as-applied to Plaintiff. The Fourteenth Amendment of the Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." Equal protection requires the state to govern impartially—not draw arbitrary distinctions between businesses based solely on differences that are irrelevant to a legitimate governmental objection.

37. Defendants have intentionally and arbitrarily categorized New Jersey businesses and conduct as either "Essential" or "Non-Essential." Those businesses classified as "Essential," or as participating in "essential services", are permitted to go about their business and activities provided certain social distancing practices are employed. Those classified as "Non-essential," or as engaging in Non-essential activities, are required to shut down and have their workers stay in their residences, unless it becomes necessary for them to leave for one of the enumerated "Essential" activities.

38. Strict scrutiny under the Equal Protection Clause applies where, as here, the classification impinges on a fundamental right, including the right to due process and the right to travel (both interstate and intrastate), among others.

39. Defendants cannot satisfy strict scrutiny, because their arbitrary classifications are not narrowly tailored measures that further compelling government interests, for the reasons stated above.

40. Defendants cannot satisfy any level of scrutiny because the classification is manifestly irrational and arbitrary.

41. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

42. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders, as well as compensatory damages.

43. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT
**(By Plaintiff against All Defendants)**

44. Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

45. The Supreme Court has long held that "the Fifth Amendment...was designed to bar Government from forcing people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." See *Armstrong v. United States* (1960) 364 U.S. 40, 49.

46. Defendants' Orders mandated that because Plaintiff was a "Non-Essential" business, Plaintiff was required to "shut down" and cease all operations as a means to help curb

the spread of Covid 19. Such a mandate completely and unconstitutionally deprived Plaintiff of all economically beneficial use of its business without just compensation.

47. On May 23, 2020, the Defendants executed a "Physical Invasion Taking" by changing the locks at Plaintiff's business. The Defendants have given themselves the right to occupy private property, without paying for that privilege.

48. While the "police power" is inherent in a sovereign government and is reserved for the States in the 10th Amendment to the U.S. Constitution, it is not without constitutional limits. See *Euclid v. Ambler Realty Company,* 272 U.S. 365 (1926) (holding that local governments may protect the general welfare through the enactment of residential zoning ordinances). However, a government's "police power" in this area is restricted by Constitutional considerations, including the 5th Amendment's "Takings Clause", as well as Due Process and Equal Protection. Plaintiff asserts that the "police power" is not a defense because the taking was unjustified and unnecessary.

49. Defendants' Orders and the enforcement thereof has caused both a complete and total regulatory and physical taking of Plaintiff's property without just compensation in violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution. As a result, Defendants' blatant violation of the Takings Clause of the 5th Amendment has caused proximate and legal harm to Plaintiffs.

50. Plaintiff is entitled to just compensation in the form of lost income from the use of its property

51. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

52. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders, as well as compensatory damages.

53. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

(1) Issue a declaratory judgment with the following:
    a. Declaration that Defendant Murphy' "Executive Orders 107, 119, 138 ("Executive Orders") are null and void, of no effect, as:
        i. unconstitutional under the Fifth Amendment;
        ii. unconstitutional under the Fourteenth Amendment;
        iii. arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the U.S. and/or New Jersey Constitutions;
        iv. contrary to constitutional right, power, privilege, or immunity in violation of the U.S. and/or New Jersey Constitutions;
        v. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right in violation of the U.S. and/or New Jersey Constitutions.

(2) Set aside and hold unlawful Defendants' Executive Orders

(3) Permanently enjoin Defendants and all persons and entities in active concert or participation with Defendants from enforcing the Orders.

(4) Issue a TRO and a preliminary injunction preventing Defendants from enforcing or implementing their Orders until this Court decides the merits of this lawsuit.

(5) Permanently enjoin Defendants and all persons and entities in active concert or participation with Defendants from enforcing the Orders unless

they are issued in accordance with all procedural and substantive due process requirements of the U.S. Constitution.

(6) Award Plaintiff damages arising out of their Section 1983 Claims, and specifically under the Fifth Amendment of the U.S. Constitution.

(7) Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

(8) Grant all other such relief as the Court may deem just and proper.

Dated: May 25, 2020

                                       **THE MERMIGIS LAW GROUP, P.C.**

                                        _____/s/ Christopher Arzberger_____
                                        Christopher Arzberger, Esq.
                                        Attorneys for Plaintiff


                                        ____/s/ James Mermigis_____
                                        James G. Mermigis, Esq.
                                        Attorneys for Plaintiff

JURY TRIAL DEMANDED

## **CERTIFICATION**

The undersigned, attorneys for Plaintiff, hereby certify in accordance with Local Civil Practice Rule 11.2 and 28 U.S.C. § 1746 that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

| | |
|---|---|
| /s/ Christopher Arzberger | /s/ James G. Mermigis |
| _____ | _____ |
| Christopher Arzberger, Esq. | James G. Mermigis, Esq. |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| May 25, 2020 | May 25, 2020 |