**STATE OF NEW JERSEY**
**DEPARTMENT OF HEALTH**
**ORDER CLOSING ATILIS GYM LOCATED AT 363 W BROWNING RD, BELLMAWR**

**WHEREAS**, Coronavirus disease 2019 ("COVID-19") is a contagious, and at times fatal, respiratory disease that is responsible for the 2019 novel coronavirus outbreak; and

**WHEREAS**, COVID-19 is a communicable disease as defined by N.J.A.C. 8:57-1.3; and

**WHEREAS**, the Emergency Health Powers Act (EHPA), N.J.S.A. 26:13-3, authorizes the Governor of the State of New Jersey, in consultation with the Commissioner of the Department of Health (Department) and the Director of the State Office of Emergency Management, to declare a Public Health Emergency; and

**WHEREAS**, on March 9, 2020, Governor Murphy issued Executive Order No. 103 declaring a Public Health Emergency pursuant to the EHPA and a State of Emergency pursuant to the New Jersey Civilian Defense and the Disaster Control Act ("DCA"), N.J.S.A. App. A. 9-33, et seq. The Public Health Emergency pursuant to the EHPA has been extended by Executive Order No. 119 and 138; and

**WHEREAS**, as COVID-19 continued to spread across New Jersey and an increasing number of individuals required medical care or hospitalization, Governor Murphy issued a series of Executive Orders to protect the public health, safety, and welfare against the emergency created by COVID-19, including Executive Order Nos. 104-133, Nos. 135-138, and Nos. 140-147 (2020), the facts and circumstances of which are all adopted by reference herein; and

**WHEREAS**, among these actions, and in recognition that the Centers for Disease Control and Prevention ("CDC") has advised that social mitigation strategies for combatting COVID-19 require every effort to reduce the rate of community spread of the disease and that COVID-19 spreads most frequently through person-to-person contact when individuals are within six feet or less of one another, Governor Murphy issued Executive Order No. 107 (2020) on March 21, 2020 to mitigate community spread of COVID-19, which expressly ordered the closure of all gyms, fitness centers and classes; and

**WHEREAS**, as of May 20, 2020 there were at least 150,399 positive cases of COVID-19 in New Jersey, with at least 10,747 of those cases having resulted in death; and

**WHEREAS**, the rate of reported new cases of COVID-19 in New Jersey has decreased, including a reduction in the total number of

individuals being admitted to hospitals for COVID-19, and the State has begun to take certain steps to lift certain restrictions that were designed to limit person-to-person contact; and

**WHEREAS**, even as the rate of reported new cases of COVID-19 decreases, the ongoing risks presented by COVID-19 mean that a considerable number of the State's current measures must remain in place, both to reduce additional new infections and to save lives, until additional metrics – such as expanded testing and use of contact tracing – have been satisfied; and

**WHEREAS**, after consultation with officials from the Department of Health, Governor Murphy announced a multi-stage plan for the methodical and strategic reopening of businesses and activities based on scientific data and metrics concerning the level of disease transmission risk and essential classification; and

**WHEREAS**, as of May 20, 2020, the State is in the first stage of the reopening process and has begun to relax restrictions on low-risk activities where appropriately safeguarded, including the resumption of certain easiest to safeguard work activities at physical locations that can meet safeguarding and modification guidelines, as well as certain outdoor activities; and

**WHEREAS**, consistent with this plan, Governor Murphy has issued a number of Executive Orders, including Executive Orders 133, 142, 143, 146 and 147, which lifted closures and/or prohibitions of parks, beaches, lakefronts, and several outdoor recreational facilities and activities, given repeated observations from public health experts, including but not limited to the CDC, that outdoor environments present reduced risks of COVID-19 transmission as compared to indoor environments; and

**WHEREAS**, as public health experts have observed, even as the State allows outdoor recreation with reasonable restrictions, due to the ongoing risk of community spread of COVID-19, the extensive interactions that occur at certain indoor retail, recreational and entertainment operations continue to present a significant risk, and so the restrictions on the indoor operations of certain retail, recreational, and entertainment businesses have not been lifted at this time; and

**WHEREAS**, indoor gyms and fitness centers present particularly high-risk settings for the spread of COVID-19, in part because customers of these facilities engage in physical activities that increase the customers' respiratory activity, which in turn can increase the amount of respiratory droplets or aerosols in a confined setting; and in part because these facilities foster

prolonged and close person-to-person contact, including but not limited to through the use of personal trainers and spotters, and because they necessitate the communal-use of equipment and other items, such as barbells, dumbbells, and treadmill and cross trainer grips, that may harbor the virus as, according to the National Institutes of Health, the virus may live on plastic and steel surfaces for up to 72 hours; and

**WHEREAS**, one study shared by the CDC observed that "because of the increased possibility of infection through droplets, vigorous exercise in closely confined spaces should be avoided"; and

**WHEREAS**, the CDC has determined that COVID-19 can be spread by asymptomatic individuals; and

**WHEREAS**, the CDC has also determined that individuals should wear cloth face coverings when in proximity to other individuals, even if they are not presenting any symptoms of COVID-19, to further reduce the spread of COVID-19; and

**WHEREAS**, Atilis Gym has continued to operate in non-compliance with Executive Order No. 107, thus posing a threat to the public health by failing to adhere to the measures taken to mitigate the spread of COVID-19; and

**WHEREAS**, although Atilis Gym is purporting to take its own measures to address COVID-19 transmission, Atilis Gym is not approved to reopen under the terms of Executive Order No. 107, which reflect a judgment that it will not be administrable, enforceable, and/or otherwise sufficiently protective of public safety to simply allow businesses owners to set their own divergent health measures, done without approval of the State and its health officials; and

**WHEREAS**, although Atilis Gym is purporting to take its own measures to address COVID-19 transmission, these particular measures do not sufficiently address the risks of COVID-19 in an indoor gym because the community presence of the virus is still too great to allow for relaxation of the current mitigation measures that are in place and necessary to reduce the transmission of COVID-19 that commonly occurs in such congregate indoor settings; and

**WHEREAS**, pursuant to the EHPA, N.J.S.A. 26:13-8, the Department has the power "[to] close, direct and compel the evacuation of, or to decontaminate or cause to be decontaminated, any facility of which there is reasonable cause to believe that it may endanger the public health."

**THEREFORE**, IT IS HEREBY ORDERED THIS 20th DAY OF May 2020,

1. Pursuant to the EHPA, Atilis gym located at 363 West Browning Road, Bellmawr, New Jersey 08031 shall remain closed until further notice.

2. No members of the public, including members of the gym, shall be permitted inside of the facility.

3. This closure shall commence immediately and shall remain in effect until lifted by the Department.

4. Failure to comply with the conditions of this order may result in criminal sanctions and/or civil penalties, in addition to any criminal sanctions and/or civil penalties warranted for violations of Executive Order No. 107 (2020).

Dated: 5/20/20

_Judith M. Persichilli_
Judith M. Persichilli, R.N., B.S.N., M.A.
Commissioner
New Jersey Department of Health

RIGHT TO APPEAL:

This Emergency Closure Order constitutes a Final Agency Decision of the New Jersey Department of Health which may be appealed to the Superior Court, Appellate Division, pursuant to the procedures and timeframes set forth in New Jersey Court Rule 2:2-3.

4