GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Plaintiff
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for Plaintiff, New Jersey
    Department of Health Commissioner
    Judith M. Persichilli

By:  Daniel M. Vannella (015922007)
     Assistant Attorney General

| | |
|---|---|
| JUDITH M. PERSICHILLI, R.N., B.S.N., M.A., in her official capacity as Commissioner of the New Jersey Department of Health,<br><br>    Plaintiff,<br><br>v.<br><br>ATILIS GYM BELLMAWR,<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY VICINAGE<br>CHANCERY DIVISION - GENERAL EQUITY<br><br>DOCKET NO.:<br><br><u>CIVIL ACTION</u><br><br>**VERIFIED COMPLAINT TO ENFORCE AGENCY DETERMINATION PURSUANT TO R. 4:67-6** |

    Plaintiff, Judith M. Persichilli, in her official capacity as the Commissioner of the Department of Health for the State of New Jersey, by Gurbir S. Grewal, Attorney General of New Jersey (Assistant Attorney General Daniel M. Vannella appearing), by way of complaint, seeking to enforce a final agency order/determination made pursuant to the Emergency Health Powers Act ("EHPA"), N.J.S.A. 26:13-1 to -31 to close Defendant Atilis Gym Bellmawr, located at 363 W. Browning Rd., Bellmawr, New Jersey

Page 1 of 11

08031 (**Exhibit A**, May 20, 2020 Order) states:

## THE PARTIES AND VENUE

1. Plaintiff is the Commissioner of the Department of Health of the State of New Jersey, and at all relevant times was acting in her official capacity under the authority afforded to her. Plaintiff maintains a principal place of business at 369 South Warren Street, Trenton, New Jersey 08625.

2. Defendant Atilis Gym Bellmawr ("Atilis Gym") is located at 363 W. Browning Rd., Bellmawr, New Jersey 08031.

3. As set forth herein, venue is proper in the Superior Court of New Jersey – Mercer County Vicinage, pursuant to Rule 4:67-6 to enforce an agency determination.

## FACTS

4. Coronavirus disease 2019 ("COVID-19") is a contagious and - at times - fatal respiratory disease that is responsible for the 2019 novel coronavirus pandemic.

5. The Centers for Disease Control and Prevention ("CDC") has determined that COVID-19 can be spread to others by asymptomatic individuals.

6. The CDC has also determined that individuals should wear cloth face coverings when in proximity to other individuals, even if they are not presenting any symptoms of COVID-19, to further reduce the spread of COVID-19.

7. Because there is no cure or vaccine for COVID-19, public

health experts have concluded that limiting person-to-person contact is the most effective way – and one of the only tools available - to prevent the spread of the coronavirus.

8. The COVID-19 pandemic has had a devastating impact on New Jersey. As of May 22, 2020 there were at least 151,472 positive cases of COVID-19, with at least 10,843 of those cases having resulted in death in New Jersey.

9. The Emergency Health Powers Act (EHPA), N.J.S.A. 26:13-3, authorizes the Governor of the State of New Jersey, in consultation with the Commissioner of the Department of Health (Department) and the Director of the State Office of Emergency Management, to declare a Public Health Emergency.

10. On March 9, 2020, Governor Murphy issued Executive Order No. 103 declaring a Public Health Emergency pursuant to the EHPA and a State of Emergency pursuant to the New Jersey Civilian Defense and the Disaster Control Act ("DCA"), N.J.S.A. App. A. 9-33, et seq. The Public Health Emergency pursuant to the EHPA has been extended by Executive Orders No. 119 and 138, and remains in full force and effect.

11. As COVID-19 continued to spread across New Jersey and an increasing number of individuals required medical care or hospitalization, Governor Murphy issued a series of Executive Orders to protect the public health, safety, and welfare against the emergency created by COVID-19, including

Executive Order Nos. 104-133, Nos. 135-138, and Nos. 140-147 (2020), the facts and circumstances of which are all adopted by reference herein.

12. In recognition that the CDC has advised that social mitigation strategies for combatting COVID-19 require every effort to reduce the rate of community spread of the disease and that COVID-19 spreads most frequently through person-to-person contact when individuals are within six feet or less of one another, Governor Murphy issued Executive Order No. 107 (2020) on March 21, 2020 to mitigate community spread of COVID-19, which expressly ordered the closure of all gyms, fitness centers and classes.

13. Even as the rate of reported new cases of COVID-19 decreases, the ongoing risks presented by COVID-19 require that a considerable number of the State's current measures must remain in place, both to reduce additional new infections and to save lives, until additional metrics – such as expanded testing and use of contact tracing – have been implemented.

14. In consultation with officials from the Department of Health, Governor Murphy announced a multi-stage plan for the methodical and strategic reopening of businesses and activities based on scientific data and metrics concerning the level of disease transmission risk and essential classification.

15. As of May 21, 2020, the State is in the first stage of the reopening process and has begun to relax restrictions on low-risk activities where appropriately safeguarded, including the resumption of certain easiest to safeguard work activities at physical locations that can meet safeguarding and modification guidelines, as well as certain outdoor activities.

16. Consistent with this plan, Governor Murphy has issued a number of Executive Orders, including Executive Orders 133, 142, 143, 146 and 147, which lifted closures and/or prohibitions of parks, beaches, lakefronts, and several outdoor recreational facilities and activities, given repeated observations from public health experts, including but not limited to the CDC, that outdoor environments present reduced risks of COVID-19 transmission as compared to indoor environments.

17. As public health experts have observed, even as the State allows outdoor recreation with reasonable restrictions, due to the ongoing risk of community spread of COVID-19, the extensive interactions that occur at certain indoor retail, recreational and entertainment operations continue to present a significant risk, and so the restrictions on the indoor operations of certain retail, recreational, and entertainment businesses have not been lifted at this time.

18. Closed environments that allow for extensive and prolonged interactions at indoor facilities continue to present significant public health risks.

19. Indoor gyms and fitness centers present a particularly high-risk setting for the spread of COVID-19, in part because customers of these facilities engage in physical activities that increase the customers' respiratory activity, which in turn can increase the amount of respiratory droplets or aerosols in a confined setting; and in part because these facilities foster prolonged and close person-to-person contact, including but not limited to through the use of personal trainers and spotters, and because they necessitate the communal-use of equipment and other items, such as barbells, dumbbells, and treadmill and cross trainer grips, that may harbor the virus as, according to the National Institutes of Health, the virus may live on plastic and steel surfaces for up to 72 hours.

20. Defendant Atilis Gym operates a gym and/or fitness center in Bellmawr, New Jersey and has continued to operate in non-compliance with Executive Order No. 107, thus posing a threat to the public health by failing to adhere to the measures taken to mitigate the spread of COVID-19.

21. Atilis Gym is not approved to open to the public under the terms of Executive Order No. 107, which reflect a judgment

that it is not administrable, enforceable, and/or otherwise sufficiently protective of public safety to simply allow businesses owners to set their own divergent health measures, without approval of the State and its health officials.

22. Under the EHPA, N.J.S.A. 26:13-8, the Department has the power "[to] close . . . any facility of which there is reasonable cause to believe that it may endanger the public health."

23. Upon information and belief, on May 13, 2020, Ian Smith, co-owner of Atilis Gym announced on national television that he planned to open Atilis Gym in defiance of EO 107.

24. In disregard of the law, Atilis Gym re-opened its gym on May 18, 2020. Upon information and belief, a warning and summons were issued to the owners for violation of the Executive Order.

25. On May 19, 2020, Atilis Gym opened again in violation of EO 107; upon information and belief, additional summonses were issued to the owners.

26. On May 20, 2020, Atilis Gym opened in violation of EO 107 for a third time. Upon information and belief, summonses were issued to the owners once more.

27. On May 20, 2020, Commissioner Persichilli, under the authority conferred on her by the EPHA as the Commissioner of Health, issued an Emergency Closure Order directing Atilis Gym to immediately close. **Exhibit A.** The Order specifies that

"[n]o members of the public, including members of the gym, shall be permitted inside of the facility." Id. In accordance with N.J.S.A. 26:13-8, a copy of this Order was provided to Atilis Gym that same night by Plaintiff arranging for the notice to be posted on the premises.

28. Despite being directed to close immediately, on May 22, 2020, Atilis Gym continued to operate its facility and reopened to the public, in violation of the Department's Emergency Closure Order.

## COUNT ONE – ENFORCEMENT OF FINAL AGENCY DETERMINATION

29. Plaintiff repeats each and every allegation set forth in paragraphs 1-26 as if fully set forth herein.

30. Defendant Atilis Gym has refused to comply with the Department's May 20, 2020 EHPA order directing it to close immediately.

31. The EHPA expressly provides that during this declared Public Health Emergency the Department has the power to close Atilis Gym to prevent the spread of COVID-19 and protect public health and safety.

32. By failing to comply with the Department's order, Atilis Gym is endangering public health.

33. The Department's Order must be enforced.

**WHEREFORE**, and by reason of the foregoing, Plaintiff demands judgment in his favor and against defendant, granting the following

relief:

    A.    Seeking relief by way of temporary restraints pursuant to Rule 4:52-1:

        a. Directing Defendant to comply with the May 20, 2020 Order requiring Atilis Gym to close its facility;

        b. Authorizing the State to secure the premises of Atilis Gym to ensure that it remains closed; and

        c. Such other relief as this court deems appropriate.

        GURBIR S. GREWAL
        ATTORNEY GENERAL OF NEW JERSEY

        */s/ Daniel M. Vannella*
        Daniel M. Vannella (015922007)
        Assistant Attorney General

Dated: May 22, 2020

## VERIFICATION OF COMPLAINT

Shereen Semple, of full age, upon her oath deposes and says:

1. I am the Director of the Office of Local Public Health with the State of New Jersey, Department of Health and, as such, I am fully familiar with the facts set forth above and am duly authorized to verify this Complaint and all Exhibits attached hereto.

2. I have read the contents of the Verified Complaint and I hereby verify that the allegations contained therein are true to the best of my knowledge and belief.

3. Attached as **Exhibit A** is a true and correct copy of the May 20, 2020 Emergency Closure Order of Atilis Gym Bellmawr, 363 W. Browning Rd. Bellmawr, New Jersey 08031, from the Commissioner of Health.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Shereen Semple, Director
Office of Local Public Health
New Jersey Department of Health

Dated: May 22, 2020

### DESIGNATION OF TRIAL COUNSEL

Please take notice that Daniel M. Vannella, Assistant Attorney General, is hereby designated as trial counsel in the above-captioned matter.

_____
Daniel M. Vannella (015922007)
Assistant Attorney General

Dated: May 22, 2020

### CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that this matter is not the subject of any other action pending in any other court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

/s/ Daniel M. Vannella
Daniel M. Vannella (015922007)
Assistant Attorney General

Dated: May 22, 2020